# Exhibit A

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

**REBECCA SEAL,**                                       §
                                                       §
    **Plaintiff,**                 §
                                                       §
**v.**                                                 §          **Case No. 2020-CA-8493-O**
                                                       §
**TODD GENERAL, Individually,**                        §
**And REVISION, LLC D/B/A**                            §
**REVISION SKINCARE,**                                 §
**A Foreign Corporation**                              §
                                                       §
    **Defendants.**                §

## INDEX OF ALL DOCUMENTS FILED IN STATE COURT

| | | |
|---|---|---|
| 1. | Complaint and Demand for Jury Trial | 08/24/20 |
| 2. | Civil Cover Sheet | 08/24/20 |
| 3. | Summons to Todd General | 08/25/20 |
| 4. | Summons to CT Corp. System as Registered Agent for Revision, LLC | 08/25/20 |
| 5. | Affidavit of Service of Registered Agent for revision, LLC | 08/27/20 |
| 6. | Affidavit of Service of Todd General | 08/31/20 |

# Exhibit A-1

IN THE CIRCUIT COURT OF THE NINTH

JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CIVIL DIVISION

REBECCA SEAL,

        Plaintiff,

v.                                            Case No.:

TODD GENERAL, individually,

and REVISION, LLC D/B/A

REVISION SKINCARE,

a Foreign Corporation,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff REBECCA SEAL (herein after "SEAL"), by and through her undersigned counsel, and hereby sues Defendants REVISION, LLC D/B/A REVISION SKINCARE (herein after "REVISION LLC"), and TODD GENERAL (herein after "GENERAL"), individually, and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of thirty thousand dollars ($30,000.00) excluding interests, costs, and attorney's fees.

2.      At all times material hereto, Plaintiff SEAL is and was a resident of Pinellas County, Florida.

3.     Defendant corporation REVISION LLC is a Foreign Corporation regularly conducting business in Orange County, Florida.

4.     At all times material hereto, Defendant GENERAL is and was a resident of Iredell County, North Carolina.

5.     The vast majority of events out of which these claims arise occurred in the state of Florida.

6.     Venue is proper in Orange County, Florida because Plaintiff was employed by Defendant REVISION LLC to work in that area, and several of the principle events out of which these claims arise occurred there.

## ADMINISTRATIVE PREREQUISITES

7.     All conditions precedent to bringing this action have occurred.

8.     Plaintiff, REBECCA SEAL, timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations ("FCHR"), attached hereto as Exhibit "A".

9.     Plaintiff SEAL has received a Notification of Right to Sue from the EEOC, attached hereto as Exhibit "B".

10.    This Complaint has been filed within ninety (90) days of receipt thereof.

## GENERAL ALLEGATIONS

11.    Plaintiff SEAL was employed by Defendant REVISION LLC from July of 2016 until July 31, 2019 as an Account Executive, and at all times material hereto was assigned to cover the territory of North and Central Florida.

12.     In or around January of 2019, Defendant TODD GENERAL was hired by Defendant REVISION LLC as Regional Director of Sales for the Southeast and thereby became Plaintiff's supervisor.

13.     From February 28, 2019 to March 3, 2019, Plaintiff attended a trade show in Baltimore, Maryland in the course and scope of her employment.

14.     When Plaintiff arrived at the hotel at which the trade show was taking place, Defendant GENERAL hugged Plaintiff, whispered in her ear and said, "doesn't that feel nice and warm?" As Plaintiff pulled away, Defendant GENERAL moved his hands upward and around Plaintiff's body, and intentionally touched both of her breasts with both of his hands.

15.     Later that same day, Plaintiff was on her knees setting up for the trade show in the course of her employment with Defendant REVISION LLC. Defendant GENERAL intentionally moved his body toward Plaintiff so that his genital area was near Plaintiff's face, and then bent down and said, "Don't get any ideas down there."

16.     From May 13, 2019 to May 15, 2019, in the course of her employment with Defendant REVISION LLC, Plaintiff attended a "Field Ride Along" with Defendant GENERAL in Tampa and Orlando, Florida.

17.     Throughout this Field Ride Along, Defendant GENERAL made sexual comments, innuendos, and suggestions which were constant and pervasive.

18.     Defendant GENERAL also constantly commented on Plaintiff's appearance throughout this Field Ride Along.

19.     On or about the evening of May 14, 2019, during the "Field Ride Along" for Defendant REVISION LLC, Defendant GENERAL asked Plaintiff to come to his hotel room after they both had dinner. Plaintiff declined, and Defendant GENERAL then conveyed to Plaintiff that

he could help Plaintiff career-wise (with a company "Forum") if Plaintiff agreed. Plaintiff again declined and went to her hotel room.

      20.     The following day, Defendant GENERAL told Plaintiff it was clear that she was "not invested or committed," to making the Forum happen.

      21.     Plaintiff responded by stating that she was doing everything she could to make the Forum happen, to which Defendant GENERAL responded by saying, "not everything." Defendant GENERAL then made a comment about being sexually frustrated.

      22.     On or about May 15, 2019, which was the last day of the "Field Ride Along" in Tampa and Orlando, Plaintiff dropped Defendant GENERAL off at the Orlando, Florida airport. At that time, Defendant GENERAL hugged Plaintiff and intentionally slid his hand down and grabbed Plaintiff's rear-end. Plaintiff jumped backwards and objected.

      23.     On or about June 24, 2019 Plaintiff reported Defendant GENERAL's inappropriate behavior to Defendant REVISION LLC's Human Resources Representative Francine Bean, and asked to be moved to a different manager.

      24.     Plaintiff then attempted to report Defendant GENERAL's behavior to CEO Maria Carell. Maria Carell did not return Plaintiff's phone call.

      25.     On or about July 10, 2019 Plaintiff reported Defendant GENERAL's behavior to Defendant REVISION'S Human Resources Department again.

      26.     Despite Plaintiff's complaints to Human Resources, she was not moved to the supervision of a different manager and remained Defendant GENERAL's direct report.

      27.     Defendant GENERAL continued to make sexual comments and suggestions to Plaintiff after her reports to Human Resources.

28.     On or about July 12, 2019, Plaintiff advised Defendant GENERAL that his inappropriate comments were unwelcome.

29.     On or about July 22, 2019 Plaintiff tried again to contact CEO Maria Carell to report the afore-described sexual harassment, but Plaintiff was again unable to reach Ms. Carell.

30.     On or about July 24, 2019 Defendant GENERAL suggested that he expected sexual favors from Plaintiff in return for "pulling some strings" for Plaintiff. Plaintiff told Defendant GENERAL she was not comfortable with his suggestions and advised GENERAL that she was requesting to be moved under a different manager.

31.     Immediately after Plaintiff objected to Defendant GENERAL's advances as described in Paragraph 30 above, Defendant GENERAL informed Plaintiff that he believed Plaintiff had committed a terminable offence on one of her expense reports.

32.     Defendant GENERAL stated that if he and Plaintiff "were in a better place," the alleged discrepancy could have been handled differently, but that Plaintiff "left him no choice."

33.     On or about July 31, 2019 Defendant GENERAL and Defendant REVISION's Human Resources Representative Francine Bean informed Plaintiff over the phone that she was being terminated due to an alleged expense report discrepancy.

34.     Defendant GENERAL had approved the expense report in question prior to the conversation described in Paragraphs 30-32 above in which Plaintiff objected to Defendant General's sexual harassment.

35.     After Plaintiff's employment was terminated, Plaintiff had a follow up call with corporate Defendant's Human Resources representative Francine Bean, during which Plaintiff advised Francine Bean that she felt Defendant GENERAL was retaliating against Plaintiff for refusing his sexual advances, which Plaintiff had previously reported to Francine Bean.

36.     Plaintiff asked Ms. Bean to reconsider Plaintiff's termination and place Plaintiff under a different manager.

37.     Ms. Bean declined Plaintiff's request and confirmed Plaintiff's termination.

**COUNT I**
**BATTERY**
**(Plaintiff v. Defendant, Todd General)**

38.     Plaintiff SEAL realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.     By the conduct described herein, Defendant GENERAL intentionally engaged in harmful or offensive contact with Plaintiff SEAL's person without her express or implied approval or consent on two (2) occasions.

40.     Defendant GENERAL'S touchings of Plaintiff SEAL were unwelcome, unwanted, and Plaintiff did not consent to them.

41.     As a direct and proximate result of these unwanted touchings by Defendant, Plaintiff SEAL has suffered and continues to suffer the following past and future damages:

  a.     Mental pain;

  b.     Emotional distress;

  c.     Loss of dignity;

  d.     Loss of the capacity for the enjoyment of life;

  e.     Lost wages;

  f.     Impairment of working ability and loss of or diminution of earnings or earning capacity;

  g.     Medical and related expenses;

  h.     Such other and further relief to which Plaintiff may be justly entitled.

WHEREFORE, Plaintiff, REBECCA SEAL, demands a trial by jury and judgment against Defendant GENERAL for an amount within the jurisdictional limits of this Court, to wit: more than thirty thousand dollars ($30,000.00), plus costs, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT II
## VICARIOUS LIABILITY
### (Plaintiff v. Defendant Revision, LLC d/b/a Revision Skincare, LLC)

42.    Plaintiff SEAL realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

43.    At the time of the batteries alleged herein, Defendant GENERAL was acting within the course and scope of his employment with Defendant entity REVISION, LLC d/b/a REVISION SKINCARE, LLC.

44.    Defendant GENERAL had access to the Plaintiff and the opportunity to commit the alleged batteries solely as a result of his and Plaintiff's employment positions with Defendant REVISION LLC.

45.    Defendant GENERAL used his position as Plaintiff's supervisor to commit the alleged batteries on Plaintiff.

46.    As a result of the batteries alleged herein and for which Defendant REVISION LLC is vicariously liable, Plaintiff SEAL has suffered and continues to suffer the following past and future damages:

      a.     Mental pain

      b.     Emotional distress;

      c.     Loss of dignity;

      d.     Loss of the capacity for the enjoyment of life;

e.      Lost wages;

f.      Impairment of working ability and loss of or diminution of earnings or earning capacity;

g.      Medical and related expenses

h.      Such other and further relief to which Plaintiff may be justly entitled.

WHEREFORE, Plaintiff, REBECCA SEAL, demands a trial by jury and judgment against Defendant REVISION, LLC d/b/a REVISION SKINCARE, LLC. for an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand ($30,000.00) Dollars, plus costs, and for such other relief to which the Plaintiff may be entitled.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – SEXUAL HARASSMENT
### (Plaintiff v. Defendant Revision, LLC d/b/a Revision Skincare, LLC)

47.     Plaintiff SEAL realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

48.     Plaintiff SEAL is a member of a protected class under the Florida Civil Rights Act ("FCRA") by way of her sex.

49.     The aforementioned actions by Defendant constitute unwelcome sexual harassment.

50.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff SEAL's employment.

51.     Defendant knew or should have known of the harassment.

52.     The aforementioned actions constitute discrimination on the basis of sex, in violation of the FCRA.

53.     The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

54.     As a result of Defendant's unlawful discrimination, Plaintiff SEAL has suffered and continues to suffer the following past and future damages:

     a.    Back pay and benefits;

     b.    Interest on back pay and benefits;

     c.    Front pay and benefits;

     d.    Compensatory damages, including for emotional pain and suffering;

     e.    Attorney's fees and costs;

     f.    For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff REBECCA SEAL demands a trial by jury and a judgment against Defendant, REVISION, LLC d/b/a REVISION SKINCARE, LLC in an amount within the jurisdictional limits of this Court, to wit: More than Thirty thousand ($30,000.00) plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT – RETALIATION
### (Plaintiff v. Defendant Revision, LLC d/b/a Revision Skincare, LLC)

55.     Plaintiff SEAL realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

56.     Defendant subjected Plaintiff to an adverse employment action in retaliation for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

57.     The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

58.     As a result of Defendant's unlawful discrimination, Plaintiff SEAL has suffered and continues to suffer the following past and future damages:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages, including for emotional pain and suffering;

      e.      Attorney's fees and costs;

      f.      For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff REBECCA SEAL demands a trial by jury and a judgment against Defendant, REVISION, LLC d/b/a REVISION SKINCARE, LLC in an amount within the jurisdictional limits of this Court, to wit: More than Thirty thousand ($30,000.00) plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

### COUNT V
### TITLE VII OF THE CIVIL RIGHTS ACT – SEXUAL HARASSMENT
### (Plaintiff v. Defendant Revision, LLC d/b/a Revision Skincare, LLC)

59. Plaintiff SEAL realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

60.     Plaintiff SEAL is a member of a protected class under Title VII of the Civil Rights Act by way of her sex.

61.     The aforementioned actions by Defendant constitute unwelcome sexual harassment under Title VII of the Civil Rights Act.

62.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff SEAL's employment.

63.     Defendant knew or should have known of the harassment.

64.     The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII.

65.     The Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

·66.    As a result of Defendant's unlawful discrimination, Plaintiff SEAL has suffered and continues to suffer the following past and future damages:

    a.   Back pay and benefits;

        b.   Interest on back pay and benefits;

        c.   Front pay and benefits;

        d.   Compensatory damages, including for emotional pain and suffering;

        e.   Attorney's fees and costs;

        f.   For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff REBECCA SEAL demands a trial by jury and a judgment against Defendant, REVISION, LLC d/b/a REVISION SKINCARE, LLC in an amount within the jurisdictional limits of this Court, to wit: More than Thirty thousand ($30,000.00) plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

### COUNT VI
### TITLE VII OF THE CIVIL RIGHTS ACT – RETALIATION
### (Plaintiff v. Defendant Revision, LLC d/b/a Revision Skincare, LLC)

67.     Plaintiff SEAL realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

68.     Defendant subjected Plaintiff to an adverse employment action in retaliation for opposing an employment practice made unlawful by Title VII of the Civil Rights Act.

69.     The above described acts of retaliation constitute a violation of Title VII for which Defendant is liable.

70.     As a result of Defendant's unlawful discrimination, Plaintiff SEAL has suffered and continues to suffer the following past and future damages:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits;

    d.   Compensatory damages, including for emotional pain and suffering;

    e.   Attorney's fees and costs;

    f.   For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff REBECCA SEAL demands a trial by jury and a judgment against Defendant, REVISION, LLC d/b/a REVISION SKINCARE, LLC in an amount within the jurisdictional limits of this Court, to wit: More than Thirty thousand ($30,000.00) plus attorney's fees, costs, interest, and for such other relief to which the Plaintiff may be justly entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury in this action on all issues so triable.

Dated: August 24, 2020.

**FLORIN ROEBIG, P.A.**

_____

**THOMAS D. ROEBIG, JR., ESQUIRE**
Florida Bar No.: 0651702
Primary Email:  TDR@FlorinRoebig.com
Secondary Email: Lisa@FlorinRoebig.com
**TAYLOR D. ROEBIG, ESQUIRE**
Florida Bar No.: 1002817
Primary Email:  TaylorRoebig@FlorinRoebig.com

Secondary Email:   VMagan@FlorinRoebig.com
**PARKER Y. FLORIN, ESQUIRE**
Florida Bar No.: 0127139
Primary Email:      PFlorin@FlorinRoebig.com
Secondary Email:   Lisa@FlorinRoebig.com
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
*Attorneys for Plaintiff*

## CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | FEPA ☐ EEOC ☐ | |

| State or local agency, if any: | Florida Commission On Human Relations and EEOC |
|---|---|

| Name (Indicate Mr., Mrs., Ms.) | | HOME TELEPHONE (Include Area Code) |
|---|---|---|
| Rebecca Seal | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| Revision LLC | 100+ | (214) 630.1803 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 9019 Premier Row | Dallas, TX 75247 | Dallas |

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| Revision Skincare | 100+ | (469) 565-8870 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 5930 W. Campus Circle Drive | Irving, TX 75063 | Dallas |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|
| RACE ☐   COLOR ☐   SEX ☒   RELIGION ☐   NATIONAL ORIGIN ☐ | EARLIEST | LATEST |
| RETALIATION ☒   AGE ☐   DISABILITY ☐   OTHER (Specify) _____ | through | 7/31/2019 |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*

I:    PERSONAL HARM: I was employed by Revision LLC and Revision Skincare (herein after "Revision") as an Account Executive beginning in July of 2016. During my employment with Revision, my territory covered North and Central Florida. In January 2019, Todd General was hired by Revision as Regional Director of Sales for the South East, and he became my supervisor. From February 28, 2019 to March 3, 2019, I attended a work-related trade show. When I arrived at the hotel, Todd hugged me and whispered in my ear and said, "doesn't that feel nice and warm?" As I pulled away, he moved his hands upward and around my body, touching the sides of both of my breasts, and skimming his fingers over my nipple area. I gasped, and he smiled and looked at me and said "oops." Later that day, while setting up for our trade show, I was on my knees and Todd moved his body toward me so that his genital area was near my face, and then bent down and said, "Don't get any ideas down there." On May 13-15, 2019, I had a scheduled "Field Ride Along" with Todd in Tampa and Orlando. Throughout this Ride Along, sexual comments, innuendos, and suggestions were constant and pervasive, and Todd constantly commented on my appearance. On the evening of May 14, he asked me to come to his hotel room after we had dinner. When I declined, he insinuated that he could help me career-wise (with a company Forum) if I agreed. I again declined and rushed to my room. The next day, Todd told me it was clear that I was "not invested or committed," to making my Forum happen, and when I said I was doing everything I could to make it happen, he said, "not everything." He then made a comment about being sexually frustrated. When I dropped Todd off at the Orlando airport, he reached out and hugged me and slid his hand down and grabbed my rear-end. I jumped backwards and objected, and Todd said he had to go and rushed off.

I attempted to report Todd's behavior to Revision's HR department, but the company was going through a transition in the HR department at that time, so I was unable to do so until June 24 when I reported the behavior to HR Representative Francine Bean, and asked to be moved to a different manager. I then attempted to report Todd's behavior to CEO Maria Carell, but she did not return my call. I reported Todd's behavior to HR again on July 10. On July 12, I told Todd I did not appreciate his inappropriate comments and tone (which had continued throughout this time period.) I tried to contact Maria again on July 22, but was not successful. On July 24, Todd insinuated that he expected sexual favors from me in return for "pulling some strings" for me. I told Todd I was not comfortable with his suggestions and was asking to be moved under a different manager. During that same conversation, Todd informed me that I had committed a terminable offense on one of my expense reports, and he said that if we were in a better place, it could have been handled differently, but that I "leave him no choice." On July 31, I had a phone conference with Todd and Francine Bean in which they informed me I was being terminated due to my expense report discrepancy. Todd had previously approved this report

with no questions and had never commented on any of my expense reports or any of my work until I had complained about his advances. I had a follow up call with Francine Bean without Todd on the line at my request. During this conversation, I explained that I felt Todd was retaliating against me for refusing his advances, which I had previously discussed with her. I explained that I had never been made aware of the policy I had allegedly violated, and that I had not been issued any warnings with regard to this issue. I asked Ms. Bean to reconsider my termination and place me under a different manager. Ms. Bean declined my request and confirmed my termination.

**II:** __RESPONDENT'S REASON FOR ADVERSE ACTION__: A discrepancy on one of my expense reports.

**III:** __STATEMENT OF DISCRIMINATION__: I believe I was discriminated against based on my gender, female, and retaliated against for reporting sexual harassment/discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Florida Statute Chapter 760.

☒ I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty or perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)
SIGNATURE OF COMPLAINANT SUBSCRIBED AND
SWORN TO BEFORE ME THIS DATE

NOTARY PUBLIC:
SIGN:

PRINT: Hawke Cates
State of Florida at Large (SEAL)

11/6/19    _Rebecca Seal_
DATE       CHARGING PARTY *(Signature)*

EEOC FORM 5 *(Rev. 06/92)*

HAWKE CATES
NOTARY
My Comm. Expires
November 29, 2020
No. GG 51067
STATE OF FLORIDA
PUBLIC

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Rebecca Seal**

From: **Dallas District Office**
**207 S. Houston St.**
**3rd Floor**
**Dallas, TX 75202**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Sandra C. Taylor,** | |
| **511-2020-00413** | **Enforcement Supervisor** | **(972) 918-3623** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sandra Taylor for*

**Belinda F. McCallister,**
**District Director**

05-26-2020

*(Date Mailed)*

Enclosures(s)

cc: **Maria Carrell, CEO**
**REVISION SKINCARE LLC**
**9019 Premier Row**
**Dallas, TX 75247**

**Taylor Roebig, Attorney**
**FLORIN ROEBIG**
**777 Alderman Road**
**Palm Harbor, FL 34683**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law.</u>*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*